**Abatement Order filed March 18, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00256-CR
_____

**MILTON WHITING, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1365102**

---

## ABATEMENT ORDER

Appellant is represented by appointed counsel, **Andrew G. McGee.** Appellant's brief was originally due **July 1, 2013**. Counsel has been granted six extensions of time to file the brief. When appellant's brief was not filed as ordered, counsel and the trial court were notified on December 2, 2013, that no brief had been received. Appellant's counsel filed no response. Accordingly, on December 19, 2013, this court abated the appeal and directed the trial court to conduct a hearing to determine why appellant's brief had not been filed.

On January 15, 2014, a record of the hearing was filed. At the hearing, counsel advised the trial court that the brief was substantially completed and it would be filed on January 21, 2014. The brief was not filed. Counsel and the trial court were notified on January 23, 2014, that no brief had been received. Appellant's counsel filed no response. Accordingly, on February 6, 2014, we ordered a second hearing before the trial court. A record of that hearing was filed on February 22, 2014. At the hearing, appellant's counsel informed the court that he would file appellant's brief by the following Monday, February 24, 2014. To date, appellant's brief has not been filed. Accordingly, we issue the following order:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 174th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (d) the reason for the failure to file a brief; (e) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing

the findings and conclusions.  Those records shall be filed with the clerk of this court **on or before April 18, 2014.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket.  The appeal will be reinstated on this Court's active docket when the supplemental record is filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# RULE 38. REQUISITES OF BRIEFS

## Tex. R. App. P. 38.8. Failure of Appellant to File Brief.

(b) *Criminal Cases*.

(1) Effect.   An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.   If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.   If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.   In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action.   Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.   If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.